CASE 4—INDICTMENT—JUNE 9.

# Commonwealth vs. Powell.

APPEAL FROM KENTON CIRCUIT COURT.

1. Perjury at common law—the punishment for which is fixed by *sec. 1, art. 8, page* 252, *Revised Statutes*—is defined to be " the taking of a willful false oath by one, who, being lawfully sworn by a competent court to depose the truth in any judicial proceeding, swears absolutely and falsely, in a matter material to the point in issue, whether he believed or not." ( *Wharton's Am. Crim. Law, p.* 746.)

2. *Section 2 of article* 8, *Revised Statutes page,* 252, defines and creates an offense totally distinct from that of perjury at common law. By the terms of that section, to swear willfully and knowingly to that which is untrue and false, on any subject on which the person can legally be sworn, is made an offense punishable as a felony. To

constitute the offense, it is not necessary either that the false oath should be taken in a matter judicially pending at the time, or in a matter material to any point in question. The offense is complete if the false oath be taken knowingly and willfully, on a subject on which the party could be legally sworn, and before a person legally authorized to administer the oath.

J. HARLAN, Attorney General, for Commonwealth, cited *Wharton's Crim. Law*, 746.

MENZIES & PRYOR, FINNELL & CHAMBERS, AND CHAS. FOX, for appellee, cited 1 *Bibb*, 294; *Ib.*, 346; 1 *Mon.*, 3; 6 *Dana*, 316; *Ib.*, 226; *Wharton's Am. Crim. Law*, 2211, 2213, 2263; 2 *Bishop's Crim. Law*, 864; 26 *Maine*, 69; 2 *Hill S. Car.*, 290; 1 *Binney*, 544; 1 *Smedes & Marshall*, 149, 151; 33 *Eng. Com. Law*, 54; *Revised Statutes*, 182; 4 *McLean's Rep.*, 113; 2 *Haywood*, 56; 2 *Hill's S. Car. Rep.*, 290; 1 *Carter*, 232; 12 *Metcalf*, 229; 12 *Mass.*, 276; *Crim Code, secs.* 136, 330; *Wharton's Precedents of Indict., pages* 577, 578; 8 *Gratt.*, 629; 7 *Humph.*, 250; 21 *Eng. Com. Law*, 392.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

This was an indictment in the Kenton circuit court against Powell for false swearing.

The indictment charges, substantially, that on the 13th day of March, 1858, in a civil action then pending in the Kenton circuit court, judgment was rendered in favor of Goodson against said D. A. Powell; and that on the 29th June following said Powell, " by way of taking steps to open said judgment, and to be allowed to defend the same," made an affidavit in writing, and swore to the same before a deputy clerk of said court, which affidavit contains the following false statement: " He," meaning said D. A. Powell, the affiant, " denies that he ever promised to pay said claim," meaning the claim for which said judgment was rendered; whereas, in truth and in fact, said Powell had promised to pay said claim.

The circuit court was of opinion that the indictment was insufficient, and sustained the defendant's demurrer. To reverse that judgment, the Commonwealth has appealed.

The objections to the indictment which have been mainly relied upon in argument, and upon which the decision of the circuit court was probably based, are—

1. That the indictment fails to show that the alleged false oath of the defendant was taken in any judicial proceeding then pending.

2. That the circuit court had no jurisdiction of the matter to which the false oath related.

3. That the materiality of the fact sworn to is not sufficiently shown.

It is certainly true that the common law definition of *perjury* comprehends each of the points stated. Perjury by the common law is defined to be " the taking of a willful false oath by one, who, being lawfully sworn by a competent court to depose the truth in any judicial proceeding, swears absolutely and falsely, in a matter material to the point in question, whether he believed or not." (*Wharton's Am. Crim. Law, p.* 746.)

If, therefore, the indictment in this case had been founded upon the 1st section, article 8th, of the Revised Statutes, (*p.* 252,) which fixes the punishment for *perjury*, the propriety of the judgment upon the demurrer could not have been well questioned.

But the indictment was framed upon a different statute, which defines and creates an offense totally distinct from that of perjury at common law.

By section 2d of art. 8th, *supra*, it is provided, that "if any person, in any matter which is or may be judicially pending, or on any subject in which he can be legally sworn, or on which he is required to be sworn, when sworn by a person authorized to administer an oath, shall willfully and knowingly swear, depose, or give in evidence that which is untrue and false, he shall be confined in the penitentiary not less than two, nor more than six years."

By the terms of this section, to swear willfully and knowingly to that which is untrue and false, on any subject on which the person can legally be sworn, is made an offense punishable as a felony. This provision of the statute embraces, and was obviously intended to embrace, a large class of offenses which did not amount to perjury at common law, and for which no punishment had been provided. And to constitute an offense of this class, it is not made necessary by the statute,

Commonwealth vs. Powell.

either that the false oath should be taken in a matter judicially pending at the time, or in a matter material to any point in question.   The offense is complete if it be shown that the false oath was taken, knowingly and willfully, on a subject on which the party could be legally sworn, and before a person legally authorized to administer the oath.

It follows that the indictment before us sufficiently sets out an offense under this second section.   The Civil Code (*section* 579) provides that the court in which a final judgment has been rendered, shall have power, after the expiration of the term, to vacate or modify such judgment, and points out the mode in which such relief is to be obtained.   A petition verified by *affidavit,* setting forth the judgment sought to be vacated, the grounds to vacate, and the defense to the action, is the proceeding required to be adopted.   The indictment charges that in March, 1858, Goodson had obtained a judgment against Powell; that in June following Powell, by way of taking steps to open said judgment, made an affidavit in writing, sworn to by him before the deputy clerk, containing the false statement that he, Powell, "denies that he ever promised to pay said claim, meaning the claim for which said judgment was rendered; whereas, in truth and in fact, said Powell had promised to pay said claim;" and that he thus knowingly and willfully swore to that which was false and untrue.

Now if it be conceded, as contended by the counsel for Powell, that these averments do not sufficiently show that the alleged false swearing was in any judicial proceeding then pending, or that it related to a matter material to the question between Powell and Goodson, it cannot be denied that the averments do sufficiently charge that the oath was knowingly and willfully taken; that it was false; that it related to a subject on which Powell could be legally sworn; and that the oath was administered by a person legally authorized to do so.   It is clear, therefore, that an offense, under the second section of the statute above quoted, was sufficiently set out in the indictment, and that the demurrer should have been overruled.

Wherefore, the judgment is reversed, and the cause remanded with directions to overrule the demurrer, and for further proceedings not inconsistent with this opinion.