## COMMONWEALTH v. JAMES SMOCK.

**Criminal Law—Perjury.**

> Corrupt false swearing before a grand jury is perjury where the grand jury had legal authority to investigate the matter about which the witness testified falsely and the testimony was material.

**Indictment.**

> In a prosecution for perjury against a witness who was sworn before a grand jury it is not necessary to aver in the indictment that the grand jury was sworn.

### APPEAL FROM WASHINGTON CIRCUIT COURT.

#### January 7, 1880.

OPINION BY JUDGE COFER:

Although a grand jury is not a court, and an investigation before it is not a trial, yet the grand jury is a part of the judicial machinery, and an investigation by it is a judicial proceeding, and corrupt false swearing before it in respect to a matter being enquired of by it is perjury if it had legal authority to investigate the matter and if the false testimony was material.

Proceedings before those who are in any way interested with the administration of justice, in respect to any matter regularly before them, are considered as judicial for this purpose. Title of Perjury, Bouvier's Law Dict. And this seems to have been the understanding of our codifiers, and the general assembly by which the law was adopted. Sec. 110 Myers' Code; Sec. 113, Bullitt's Code.

The case of Commonwealth v. Powell, 2 Met. 10, does not decide that perjury may not be committed by false swearing on a motion for a new trial. All that is there decided is that such false swearing might be prosecuted under the statute, and as a statutory offense, and we may say the same here. Every perjury includes false swearing, and if the prosecution should elect to do so he might prosecute for the statutory offense in any case in which he could prosecute for perjury.

It was not necessary to allege that the grand jury was sworn, any more than to allege that a judge or clerk had been sworn when the oath was administered by either of them.

It is alleged that Wakefield was foreman of the grand jury, and that he had administered an oath to the appellee; and it must be presumed, until the contrary is proved, that the court did its duty and

caused the grand jury to be sworn. The alleged testimony of the appellee was clearly material, and the court erred in sustaining the demurrer.

Judgment *reversed* and cause remanded with directions to overrule the demurrer.

*Hardin, for appellant. R. J. Brown, for appellee.*