CASE 27—INDICTMENT—OCTOBER 10.

# Kerfoot v. Commonwealth.

APPEAL FROM HARDIN CIRCUIT COURT.

INDICTMENT FOR FALSE SWEARING.—One can not be punished for false swearing, unless the false oath was taken on a subject on which he could be legally sworn, and before a person legally authorized to administer the oath.

The indictment in this case alleges that the defendant falsely swore in the police court of the town of E. that he had bought whisky of J., in said town, at a certain time and place; and further alleges that the police court was then investigating whether the defendant had bought whisky in the said town, and if so, from whom. *Held*—That the indictment is bad, for the reason that it does not appear that the sale of whisky by J. at the time named in the indictment was an offense for which he could be tried and punished. The mere allegation that there was a town ordinance prohibiting the sale of whisky, without setting forth the terms of the ordinance, or stating upon what authority it was passed, is not sufficient to show that J.. in selling liquor, was guilty of an offense, and unless he was, the defendant could not be legally sworn by the police court in such proceeding.

HARGIS & EASTIN for appellant.

The indictment is not sufficient. It should have alleged facts showing the authority to pass an ordinance forbidding the sale of whisky, that such an ordinance had been passed by the proper authorities, naming them, and that the police judge was a person authorized to administer an oath to appellant. In the absence of such allegations, it does not appear that the subject which the police court was investigating was one in which appellant could be legally sworn, or that the oath was administered by an officer having authority to administer it. (Roundtree v. Roundtree, Sneed, p. 56; Gen. Stats., chap. 29, art. 8, sec. 2.)

P. W. HARDIN, Attorney-General, for appellee.

By the authority of the general law police judges may administer oaths; and all towns may pass such ordinances for the government of the town as are not inconsistent with the Constitution and general law of the land. (Gen. Stats., chap. 107, art. 3, sec. 1.) Therefore, the allegations of the indictment make a *prima facie* case, both as to the authority to pass the alleged ordinance, and the jurisdiction of the court, which is all that is required. (Biggerstaff v. Commonwealth, 11 Bush, 172.)

CHIEF JUSTICE LEWIS delivered the opinion of the court.

Appellant was tried and convicted under an indictment for false swearing, charged to have been committed as follows: "The said Henry Kerfoot * * did willfully, * * falsely and feloniously swear and state, in the police court of the town of Elizabethtown, after first being sworn by J. D. Irwin, the police judge of said court, to testify as a witness, that he had bought whisky on the —— day of —— of John Jones, in an alley of said Elizabethtown. * * The police court was then investigating whether said Kerfoot had bought whisky in the aforesaid town; if so, from whom he had bought it, which said statement was false, untrue, and so known to be by said Kerfoot when he swore and stated it."

The only ground for reversal necessary to be consid-

ered is the action of the lower court in overruling the motion in arrest of judgment, which, as provided in section 276, Criminal Code, involves the inquiry whether the facts stated in the indictment constitute a public offense within the jurisdiction of the court.

The offense charged is described in sec. 2, art. 8, chap. 29, Gen. Stats., as follows: "If any person in any matter, which is or may be judicially pending, or on any subject in which he can be legally sworn, or on which he is required to be sworn, when sworn by a person authorized by law to administer an oath, shall willfully and knowingly swear, depose, or give in evidence that which is false, he shall be confined in the penitentiary not less than one nor more than five years."

Though there appear to be three distinct conditions, upon the existence of either of which a person may be convicted under that section, obviously, it is necessary that the false swearing be in a matter on which the law authorizes or requires an oath to be taken; and, moreover, he must be sworn by an officer legally empowered to administer the oath. And such was, in effect, the ruling of this court in Commonwealth v. Powell, 2 Met., 10, where this language was used: "The offense is complete, if it be shown the false oath was taken on a subject on which the party could be legally sworn, and before a person legally authorized to administer the oath."

It is charged in the indictment that, at the time of the alleged false swearing, "the said police court was investigating whether said Kerfoot had bought whisky in the aforesaid town; if so, from whom he had bought it;" and, in substance, that the false statement was

made by the accused in said police court, after being sworn by the judge thereof to testify as a witness in such investigation.

The only authority for such a proceeding is section 32, Criminal Code, which provides that "a magistrate, if satisfied that any public offense has been committed, shall have power to summon before him any person he may think proper for examination on oath concerning it, to enable him to ascertain the offender, and to issue a warrant for his arrest." But, under that section, a magistrate has no power to administer an oath; nor could a person be legally sworn, unless the matter concerning which the examination is had be a public offense.

In our opinion, it is not sufficiently charged in the indictment that the matter on which the accused was sworn—that is, the sale to him of whisky, at the time and place named by Jones—was such as might be judicially pending, or on which the accused could be legally sworn, or was required to be sworn. For it does not appear, from the indictment, that such sale by Jones was a public offense, for which he could be legally arrested or punished, the only allegation relating to the subject being that "there was, at the time, an ordinance of said town prohibiting the sale of whisky in said town."

It is true section 1, article 3, chapter 107, General Statutes, provides that "trustees of towns may make such rules and regulations for the government thereof, not inconsistent with the laws and Constitution of this Commonwealth, as they may deem necessary and proper." But that section does not, in the

absence of express and specific statutory authority, confer upon trustees of towns power to prohibit, by ordinance, the sale of liquor that is regulated by general laws. And, consequently, the mere allegation there was an ordinance of said town prohibiting the sale of whisky therein, without the terms of such ordinance or authority of the trustees to enact it being set forth, is not sufficient to show that Jones was, by the sale of liquor to the accused, guilty of a public offense; and unless he was, the matter could not, in the language of the statute, be judicially pending; nor could the accused be legally, or required to be, sworn on it.

We think, therefore, the lower court erred in overruling the motion in arrest of judgment; and the judgment of conviction is reversed, and cause remanded to dismiss the indictment.