Commonwealth v. Maynard.

CASE 21—INDICTMENT—JANUARY 17.

# Commonwealth v. Maynard.

| 91  | 131 |
| 125 | 278 |

### APPEAL FROM PIKE CRIMINAL COURT.

1. PERJURY is the willful giving under oath, in a judicial proceeding or in the course of justice, of false testimony material to the issue or point of inquiry.

2. AN INDICTMENT FOR PERJURY must negative, by special averment, the matter alleged to have been sworn; and while it need not be averred in so many words that the oath or testimony was material, yet the facts so showing must be set out; and it must also be averred that the defendant was sworn by one authorized to administer the oath.

3. THE STATUTORY OFFENSE OF GIVING FALSE EVIDENCE is complete if it appear that the false oath was taken, knowingly and willfully, as to a subject upon which the party could be legally sworn, and before a person legally authorized to administer it, it not being essential that the false oath should have been made in the administration or course of justice.

4. IT IS NO OBJECTION TO AN INDICTMENT FOR GIVING FALSE EVIDENCE that the statements of the indictment are sufficient to constitute the offense of perjury.

P. W. HARDIN, ATTORNEY-GENERAL, S. G. KINNER FOR APPEL-LANT.

The facts alleged in the indictment are sufficient to constitute the statutory offense of false swearing. (Gen. Stats., chap. 29, art. 8, sec. 2; Richey v. Commonwealth, 81 Ky., 525; Commonwealth v. Steel, 8 Ky. Law Rep., 205; Ferguson v. Commonwealth, 1 S. W. Rep., 435.)

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

The appellee, James Maynard, was indicted for giving false evidence under section 2, article 8, chapter 29, of the General Statutes, which provides:

"If any person in any matter which is or may be judicially pending, or on any subject in which he can legally be sworn, or on which he is required to be sworn, when sworn by a person authorized by law to administer an oath, shall willfully and knowingly

swear, depose or give in evidence that which is false, he shall be confined in the penitentiary not less than one nor more than five years."

The indictment charges that the appellee, being on trial before Lewis Duckins, a justice of the peace for Pike county, charged with a breach of the peace upon one Lawson, did, after having been duly sworn as a witness for himself by the said justice, who was authorized to administer the oath, willfully, corruptly and knowingly falsely swear and testify that Lawson, during the difficulty, came out of the house with a pistol, which he drew on him, when, in truth, Lawson did not do so, and that this evidence was known by the appellee to be false, and was willfully and corruptly given. A demurrer was sustained to the indictment, and the appellee discharged.

We are at a loss to see upon what ground this was done. It is said in argument that it was because the court thought that, upon the averments of the indictment, the accused should have been charged with perjury instead of giving false evidence. Our statute does not define perjury. It simply says that one guilty of it shall be punished by confinement in the penitentiary not less than one nor more than five years. The punishment for the two offenses is the same. We must look to the common law, therefore, to see what constitutes perjury. As there defined, Bishop says, it is the willful giving, under oath, in a judicial proceeding or in the course of justice, of false testimony material to the issue or point of inquiry. (2 Bishop's Criminal Law, section 1015.) Substantially the same definition is given in volume 2,

section 2198, of Wharton's Criminal Law. The evidence need not be given in court to constitute the offense, but it must be by oath in some form allowed by law in the course of justice. It must be connected with the administration of the law. The offender must have been properly sworn by one authorized to administer the oath. It must be absolute and false, and made with willful intent. It must have been material to the issue, and in pleading the matter alleged to have been sworn should be negatived by special averment. The indictment need not aver in so many words that the oath or testimony was material, but at least the facts so showing must be set out. These are the elements of perjury at common law.

Section 134 of our Criminal Code says: "In an indictment for perjury, or subornation of perjury, it is sufficient to set forth the substance of the controversy or matter in respect to which the offense was committed, and in what court, and before whom the oath alleged to be false was taken, and that the court, or the person before whom it was taken, had authority to administer it, with proper allegations of the falsity of the matter on which the perjury is assigned."

This provision does not do away with the necessity of the indictment averring or showing the materiality of the testimony. By providing that it should set out the "matter in respect to which the offense was committed," it was intended that the materiality of the oath should appear. While, however, all this is substantially shown in this indictment, and while its

averments would have supported the indictment if the charge had been perjury, yet they are also sufficient under the statute relative to giving false evidence.

It is averred that the accused was properly sworn by one authorized to administer the oath as to a matter judicially pending, and as to which he could be lawfully sworn, and that he willfully and knowingly swore to that which was false. The offense, under the statute, is complete if it appear that the false oath was taken, knowingly and willfully, as to a subject upon which the party could be legally sworn, and before a person legally authorized to administer it. (Commonwealth v. Powell, 2 Met., 10.)

It is manifest that the statute was intended to embrace a class of offenses not amounting to perjury at common law; cases of false oaths not made in the administration of or course of justice; but we fail to see why, when the Commonwealth has a case which, according to the statements of the indictment, authorized it to proceed either for perjury or for the statutory offense, it may not do so. Clearly it has its election.

The demurrer to the indictment should have been overruled, and as the accused has not been put in jeopardy, the judgment is reversed, with directions to do so, and for further proper proceedings.