CASE 82—INDICTMENT—NOVEMBER 27.

# Commonwealth v. Turner.

APPEAL FROM GRAVES CIRCUIT COURT.

To CONSTITUTE THE STATUTORY OFFENSE OF FALSE SWEARING it is not necessary that the subject on which the witness swears falsely should be one on which he can legally be sworn, but it is sufficient that it is one on which he is required to be sworn. Therefore the fact that a witness is required to testify against his will to matters which may criminate him does not exempt him from punishment under the statute if he wilfully swears falsely.

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLANT.

The defendant having voluntarily assumed the role of witness, it is not a material inquiry under an indictment for false swearing whether he testified willingly or unwillingly as to the particular matter as to which he is alleged to have sworn falsely, as he takes the same position as any other witness when he elects to testify. (Lockard v. Commonwealth, 87 Ky., 201; Burdette v. Commonwealth, 93 Ky., 76; Pace v. Commonwealth, 89 Ky., 204; Smith v. Commonwealth, 13 Ky., Lou. Rep., 31.)

JUDGE EASTIN DELIVERED THE OPINION OF THE COURT.

This was a prosecution against the appellee, Wm. Turner, under an indictment found against him by the grand jury of Graves county charging him with the offense of false swearing, alleged to have been committed in the case of the Commonwealth v. George Harned. Appellee having been acquitted on the trial in the court below, this appeal is prosecuted by the Commonwealth to settle the question as to the correctness of the following instruction given by the court, and excepted to by counsel for the Commonwealth, to wit:

"The court will further say to the jury that, if they believe from the evidence that at the time defendant testified

in the case of Commonwealth v. George Harned, he objected to testifying whether he cut George Harned or whether he struck George Harned, or whether he had a knife at the time of the quarrel between him and George Harned at Ebon Gilbert's, and the court compelled him to testify about these matters against his will, it was incriminating matter about which he could not be legally required to testify, and they will find him not guilty."

The charge against appellee in the indictment, the form and sufficiency of which are not put in question, was that he had wilfully and knowingly sworn falsely when interro- gated on each of the three points referred to in this instruc- tion, viz.: As to the cutting, the striking and the having a knife in the difficulty which had occurred between him and Harned.   It will, therefore, be seen that if the charges had been fully made out by the Commonwealth in each of the three particulars specified, yet, under the law as given, by the court in this instruction, the jury were bound to acquit appellee, provided only that they believed that he had ob- jected to testifying to these matters.

Was the court below authorized to give this instruction?

It will be seen that in doing so the court has assumed the right to determine the question whether or not the testi- mony given by appellee against his will in the Harned case was criminating testimony, and whether or not the court in that case acted legally in requiring him to testify about these matters.   Not only has it assumed to pass upon these questions, both of which had been passed upon in the other case, but it has determined them both in direct opposition to the conclusion reached by the court in the Harned case. If that court had considered the testimony as criminating it may be assumed that it would have respected the privilege of the witness and would have exempted him from testify-

ing.  That this is a question addressed to the sound judg-
ment of the court in which the testimony is called for we
think there can be no doubt, and it would certainly be a dan-
gerous practice to allow another court of no higher author-
ity to decide that the first court has compelled the witness
to testify as to matters "about which he could not be legally
required to testify."

But this instruction further assumes that if a witness be
required to testify against his will to matters which may
criminate him, then, no matter how false his testimony may
be, he can not be prosecuted under the statute for false
swearing.  Can this view of the law be sustained?

We know of no direct authority on this question, and have
been cited to no case on the subject, but it seems to us that
the statute, under which this prosecution was instituted,
requires that a witness who may be compelled against his
will to testify, under penalty of placing himself in contempt
of court, shall, when he does testify, still depose the truth.
That statute is in these words, to wit:

"If any person, in any matter which is or may be judicially
pending, or which is being investigated by a grand jury, or
on any subject in which he can be legally sworn, *or on which
he is required to be sworn,* when sworn by a person author-
ized by law to administer an oath, shall willfully and know-
ingly swear, depose or give in evidence that which is false,
he shall be confined in the penitentiary not less than one nor
more than five years."    (Section 1174, Kentucky Statutes.)

The language which we have italicized seems to cover the
case under consideration.    The penalty attaches to false
swearing on any subject "on which he is required to be
sworn," and there is no denial that the witness was, in this
case, required by the court, in the exercise of its judgment,
to be sworn.   Nor does this mean simply on a subject on

which he is required by law, or legally required, to be sworn. The sentence immediately preceding this provides expressly for those cases "in which he can legally be sworn," and the fact that it is immediately followed by this other sentence, in the disjunctive, "or on which he is required to be sworn," shows clearly, as we think, a purpose on the part of the law-makers to provide for two different and distinct states of case. One of these relates to subjects only "in which he can legally be sworn," while the other relates to those "on which he may be required to be sworn." To give any effect whatever to this latter clause it must be construed to cover a class of cases not embraced by the former clause, and this, in our opinion, is the true construction.

In this case appellee was "required to be sworn" by the court in which he was testifying as a witness, and, having recognized the authority of the court to require it, and having sworn on this subject, he was liable to the penalty prescribed by the statute if he swore falsely.

While, therefore, any criminating testimony given by a witness under such circumstances might not be used to convict him in a prosecution for the offense of which he had thus criminated himself, yet, where he testifies, whether willingly or unwillingly, he must tell the truth, or make himself amenable to the law against false swearing.

In the statute of this State against gaming it is provided that a witness shall not be exempted from testifying on the ground that his testimony may criminate himself, though, by the terms of the same statute, he can not be prosecuted "for any gaming so necessarily disclosed in his testimony." But it is to be observed that it is further expressly provided by that statute that "no such testimony given by the witness shall be used against him in any prosecution *except for false swearing or perjury.*" (Section 1973, Kentucky Statutes.)

Here, then, we find the manifest policy of our laws to punish, under all circumstances, this heinous offense of false swearing. By the express terms of the statute, the witness in these cases who may criminate himself is not only exempted from prosecution for the particular offense disclosed by his testimony, but this testimony can be used against him for no other offense except that of false swearing or perjury.

The policy is a sound one, and, in the interest of good morals and for the protection of society, should be upheld and fostered by the courts.

For the reason assigned, we think the lower court erred in giving the instruction complained of, which is ordered to be certified to the court below as the law of this case.