## Sullivan v. Commonwealth.

(Decided April 23, 1914.)

### Appeal from Pulaski Circuit Court.

1. Criminal Law—False Swearing—Indictment—Sufficiency.—To constitute the statutory offense of false swearing it is not necessary that the subject on which the witness swears falsely be one on which he can be legally sworn, but it is sufficient if it be one on which he is required to be sworn, and an indictment so charging is sufficient.

2. Criminal Law—False Swearing—Evidence—Sufficiency.—On a prosecution for false swearing, evidence examined and held sufficient to take the case to the jury and to sustain a finding of gulity.

3. Witnesses—Impeachment by Showing Indictment for Perjury.—On a prosecution for false swearing, it was prejudicial error to permit the Commonwealth to prove that one of the principal witnesses for the accused had been indicted for perjury on account of his testimony on the same trial at which it was alleged that the accused swore falsely.

H. C. KENNEDY for appellant.

JAMES GARNETT, Attorney General, and O. S. HOGAN, Assistant Attorney General for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Appellant, O. H. Sullivan, was convicted of false swearing, and appeals.

The alleged false testimony was given in the Pulaski Circuit Court on the trial of the case of Commonwealth v. Hines, for the murder of James Thomas. Whether or not Thomas was armed was one of the important issues in the case. On that trial defendant, Sullivan, was asked the following question: "Then did you see a pistol fall?" To which he responded: "I saw it bounce." Again he was asked: "Which way were you going?" He replied: "Standing talking to Hub Winfrey; I was facing him."

The indictment is in two counts. The first count relates to the answer "I saw it bounce"; the second to the answer "Standing talking to Hub Winfrey; I was facing him." The only complaint of the indictment is based on the contention that the alleged false testimony stated in each count was not sufficiently connected with the matter under judicial investigation to support an indictment for false swearing. In this state we have two statutes; one providing a punishment for perjury, the other for false swearing. Under an indictment for perjury the testimony must be material to the issue. Commonwealth v. Powell, 2 Metc. (Ky.), 10; Commonwealth v. Maynard, 91 Ky., 131. The statute on false swearing is as follows:

"If any person, in any matter which is or may be judicially pending, or which is being investigated by a grand jury, or on any subject in which he can legally be sworn, or on which he is is required to be sworn, when sworn by a person authorized by law to administer an oath, shall wilfully and knowingly swear, depose or give in evidence that which is false, he shall be confined in the penitentiary not less than one nor more than five years." Kentucky Statutes, Sec. 1174.

In construing the latter section it has repeatedly been held that it is not necessary that the false testimony be material, or that it should relate to a subject on which the witness can be legally sworn; but the crime of false swearing is made out if the false testimony be on a subject on which the witness is required to be sworn. Richey v. Commonwealth, 81 Ky., 524; Commonwealth v. Maynard, 91 Ky., 131; Commonwealth v. Turner, 98 Ky., 526. In the latter case the court, after quoting the statute and italicizing the words "or on which he is required to be sworn," said:

"The language which we have italicized seems to cover the case under consideration. The penalty attaches to false swearing on any subject 'on which he is required to be sworn,' and there is no denial that the witness was, in this case, required by the court, in the exercise of its judgment, to be sworn. Nor does this mean simply on a subject on which he is required by law, or legally required, to be sworn. The sentence immediately preceding this provides expressly for those cases 'in which he can legally be sworn,' and the fact that it is immediately followed by this other sentence,

in the disjunctive, 'or on which he is required to be sworn,' shows clearly, as we think, a purpose on the part of the law-makers to provide for two different and distinct states of case. One of these relates to subjects only 'in which he can legally be sworn,' while the other relates to those 'on which he may be required to be sworn.' To give any effect whatever to this latter clause it must be construed to cover a class of cases not embraced by the former clause, and this, in our opinion, is the true construction.''

In the present case each count on the indictment shows that the defendant was ''required to be sworn'' by the court in which he was testifying as a witness, and having recognized the authority of the court to require that he be sworn, and having been sworn on the subject, he was liable to the penalty prescribed by the statute if he swore falsely. It follows that the demurrer to the indictment was properly overruled.

Another contention of defendant is that the evidence was insufficient to take the case to the jury. The Commonwealth introduced a number of witnesses who were present at the homicide, and who were in a position to see the pistol, if it bounced on the ground. These witnesses swear that they saw no pistol at all. It also appears that shortly after the homicide some three or four witnesses made a search of the deceased and of the place where the homicide occurred, and they were unable to find a pistol. On the question of defendant's conversation with Hub Winfrey, the Commonwealth introduced witnesses who testified that Hub Winfrey was not present in Somerset on the day of the homicide. On the other hand the defendant and his witnesses testified that Hub Winfrey was present, and to the fact that defendant was engaged in conversation with him. Under these circumstances there was not only sufficient evidence on each count to take the case to the jury, but to sustain a finding of guilty.

At the conclusion of defendant's evidence John Dunn, a witness for defendant, was recalled by the Commonwealth and asked if he did not stand indicted in the Pulaski Circuit Court on the charge of perjury growing out of his testimony in the case of Denton Hines on the charge of killing James Thomas. Over the objection of the defendant, the court permitted the witness to answer in the affirmative. On the question whether or not the deceased, Thomas, had a pistol, the principal witnesses

for the defendant, Sullivan, were Denton Hines, the original defendant, and John Dunn. John Dunn testified that he saw a pistol under the buggy. He picked the pistol up and gave it to the chief of police.

Section 597 of the Civil Code is as follows:

"A witness may be impeached by the party against whom he is· produced, by contradictory .evidence, by showing that he has made statements different from his present testimony, or by evidence that his general reputation for untruthfulness or immorality renders him unworthy of belief; but not by evidence of particular wrongful acts, except that it may be shown by the examination of a witness, or record of a judgment, that he has been convicted of felony."

It will be observed that the code provides that a witness may not be impeached by evidence of particular wrongful acts. The only exception to this rule is that it may be shown by the examination of a witness or ·record of the judgment that he has been convicted of a· felony. In construing this section it has been repeatedly held that it is not competent to impeach a witness by evidence of, or to interrogate him concerning, particular acts or crimes, or a previous indictment, but it is proper to ask him if he has been convicted of a felony; and this rule applies to parties as well as other witnesses. Ashcraft v. Commonwealth, 22 Ky. L. R., 1542, 60 S. W., 931; Powers v. Commonwealth, 110 Ky., 386, 61 S. W., 735; Howard v. ·Commonwealth, 110 Ky., 356, 61 S. W., 756; Welsh v. Commonwealth, 111 Ky., 530, 60 S. W., 185, 948, 1118; 63 S. W., 948; 64 S. W., 262; Parker v. Commonwealth, 21 Ky. L. R., 406, 51 S. W., 573; Wilson v. Commonwealth, 23 Ky. L. R., 1044, 64 S. W., 457; Mitchell v. Commonwealth, 23 Ky. L. R., 1084; Pennington v. Commonwealth, 21 Ky. L. R., 542, 51 S. W., 818; Leslie v. Commonwealth, 19 Ky. L. R., 1201, 42 S. W., 1092; Baker v. Commonwealth, 106 Ky., 212, 50 S. W., 54; Britton v. Commonwealth, 96 S. W., 506, 123 Ky., 411.

In the case of Lewis v. Commonwealth, 19 Ky. L. R., 1139, 42 S. W. 1127, it was held prejudicial error to allow the Commonwealth to introduce evidence to the effect that there was an indictment against a witness for the defendant, charging her with being an accessory to the murder alleged to have been committed by the defendant, for the purpose of impeaching her testimony. And

in the case of Johnson v. Commonwealth, 22 Ky. L. R., 1885, 61 S. W., 1005, it was held prejudicial error to permit the Commonwealth to show that the principal witness for the accused had been indicted for perjury on account of his testimony on a former trial of the case. In discussing the question the court said:

"This was the most important witness for the defendant in the case, in fact substantially his only witness present at the trial as to what occurred on the hill. It was peculiarly prejudicial for the Commonwealth to attempt to destroy the credit of this witness by showing that he had been indicted by the grand jury for his testimony given on the former trial of the case. In Baker v. Commonwealth, 20 Ky. Law Rep., 1778; Parker v. Commonwealth, 21 Ky. Law Rep., 406; Pennington v. Commonwealth, 21 Ky. Law Rep., 542, and Ashcraft v. Commonwealth, 22 Ky. Law Rep., 1542, it was held that such evidence was inadmissible. These rulings are in accord with the current of authority and seem to us to rest on sound reasoning. For if such a course of cross examination were allowed, the credit of the witness might be ruined by a charge which he had had no opportunity to meet, made against him by those who had an interest in destroying his testimony."

In a case of false swearing much depends on the number and credibility of the witnesses. Here the witness Dunn was the principal witness for the defendant. If he picked up the pistol that had fallen on the ground, it would go far towards establishing the fact that defendant saw the pistol bounce. In view of the character and importance of the testimony given by Dunn, we conclude that it was prejudicial error to destroy his credit as a witness by requiring him to answer that he had been indicted for perjury on account of his testimony given on the same trial at which it is alleged that defendant also swore falsely.

Other errors are relied on, but as they will probably not occur on another trial, we deem it unnecessary to consider them.

For the reasons given the judgment is reversed, and cause remanded for new trial consistent with this opinion.