## Commonwealth v. Hinkle.

(Decided October 5, 1917.)

### Appeal from Whitley Circuit Court.

1. Perjury—False Swearing—Distinction.—The common law crime of perjury consists of the wilfully giving under oath, in a judicial proceeding or in the course of justice, false testimony material to the issue; false swearing is a statutory offense, distinct from the common law crime of perjury, and is not included in it.

2. Perjury—False Swearing—Statute.—To swear wilfully and knowingly to that which is false, on any subject of which the person can be sworn, is made a felony by section 1174 of the Kentucky Statutes. The oath need not, as in perjury, be taken in a matter judicially pending, or in a matter material to any point in question; it is only necessary that the false statement should have been wilfully made with a knowledge of its falsity, on a subject in reference to which the defendant might have been legally sworn, and that the oath was administered by an officer authorized to administer it.

3. Perjury—False Swearing—Prosecution and Punishment.—To convict one of false swearing under section 1174 of the Kentucky Statutes it must appear that the matter sworn to was (1) either judicially pending; or (2) was being investigated by a grand jury; or (3) was a subject in which the defendant could legally have been sworn; or (4) on which he was required to be sworn.

4. Perjury—False Swearing—Statute.—Where a prisoner confined in jail under a judgment of conviction for a misdemeanor, voluntarily made an affidavit that he would remove from the judicial district in which he was confined, and was released from jail upon the faith of the affidavit, but did not remove from the judicial district, he was not guilty of false swearing under section 1174 of the Kentucky Statutes.

CHARLES H. MORRIS, Attorney General, and JOSEPH B. SNYDER for appellant.

STEPHENS & STEELEY for appellee.

Opinion of the Court by Judge Miller—Affirming.

This appeal is prosecuted by the Commonwealth from a judgment of the circuit court which sustained a general demurrer to an indictment returned May 26, 1917, charging the appellee, Tom Hinkle, with the crime of false swearing.

The indictment was based upon the following affidavit made by Hinkle on February 24, 1916, before the clerk of the Whitley circuit court:

"The affiant, Thomas Hinkle, says that he is now confined in the Whitley county jail on conviction for a nuisance, and that if the court will grant affiant a new trial, affiant will take his family and leave the counties composing the 34th judicial district, and will at all times remain and reside outside said district, and will be of good behavior, and will not engage in any unlawful occupation, or permit or allow affiant's daughters to carry on in his home any loud or 'adustrous' conduct, and will keep a decent and respectable house."

The indictment charges that the statement made in said affidavit, that Hinkle would leave the counties composing the 34th judicial district and would at all times remain and reside outside of said district, was false and untrue and known by Hinkle, at the time, to be false; and, that he did not reside and remain out of Whitley county and the 34th judicial district, but lives and resides in Whitley county.

Whitley county being within the 34th judicial district, the gravaman of the charge is, that Hinkle was guilty of false swearing when he made the affidavit that he would thereafter remove permanently from the district, and failed to do so. Section 1174 of the Kentucky Statutes reads as follows:

"If any person, in any matter which is or may be judicially pending, or which is being investigated by a grand jury, or any subject in which he can legally be sworn, or on which he is required to be sworn, when sworn by a person authorized by law to administer an oath, shall wilfully and knowingly swear, depose or give in evidence that which is false, he shall be confined in the penitentiary not less than one nor more than five years."

The common law crime of perjury consists of the wilful giving under oath, in a judicial proceeding or in the course of justice, false testimony material to the issue. Commonwealth v. Maynard, 91 Ky. 131.

False swearing is a statutory offense, distinct from the common law crime of perjury, and is not included in it. Commonwealth v. Scowden, 92 Ky. 120. To swear wilfully and knowingly to that which is false, on any subject on which the person can be sworn, is made a felony. The oath need not, as in perjury, be taken in a matter judicially pending, or in a matter material to any point in question; it is only necessary that the false statement should have been wilfully made with a knowl-

·edge of its falsity, on a subject in reference to which the defendant might have been legally sworn, and that the oath was administered by an officer authorized to administer it.  Commonwealth v. Powell, 2 Met. 10; Stamper v. Commonwealth, 30 Ky. L. R. 994, 100 S. W. 286; Sullivan v. Commonwealth, 158 Ky. 537.

But in order to bring the alleged offense within the terms of the statute, it must appear that the matter sworn to was, (1) either judicially pending, or (2) was being investigated by a grand jury; or (3) was a subject in which the defendant could legally have been sworn; or (4) on which he was required to be sworn.

The indictment charges that Hinkle made the affidavit in order to get the court to release him from custody on a charge of being a common nuisance.  But the affidavit was not made under any one of the four states of fact prescribed by the statute.  It was not made in a matter pending in court, or before a grand jury, or on any subject in which Hinkle could legally have been sworn, or was required to be sworn.  On the contrary, the affidavit related to no material existing fact; it merely stated the purpose or voluntary promise of Hinkle to do something in the future which the court had no right to require of him.

Judgment affirmed.