## Commonwealth v. Bradshaw.

(Decided October 6, 1925.)

### Appeal from Casey Circuit Court.

1. Perjury—False Oath Must have been Made on Subject About which Party could Legally be Sworn, and Before One Legally Authorized to Administer Oath—"False Swearing."—Essential elements of crime of "false swearing" are that false oath was made on subject about which party could legally be sworn and before person legally authorized to administer oath.

2. Perjury—Indictment of One Not Attesting Witness for False Swearing as to Execution of Parents' Consent to Issuance of Marriage License to Minor Cannot Stand.—As one who was not attesting witness is not competent witness to prove execution of parents' consent to issuance of marriage license to person under 21, county clerk has no authority, under Ky. Stats., section 2106, nor section 380 to examine him under oath with reference thereto, and indictment for false swearing as to execution of such paper cannot stand.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellant.

ELI G. WESLEY for appellee.

Opinion of the Court by Chief Justice Clarke—Affirming.

This is an appeal from a judgment sustaining a demurrer to and dismissing an indictment accusing appellee of false swearing.

In alleging the acts constituting the offense, it is averred, in substance, that appellee falsely made oath before the county clerk of Casey county, that he saw E. L. Carmen sign his name to a written order directing the clerk to issue a marriage license to his infant daughter and one Carlos Bradshaw.

The indictment seems, and it may be admitted to be, correct in form, but it is insisted appellee was not a proper witness to prove the execution of the writing, and that therefore the clerk was not authorized to administer the oath.

If this be true, then, as is admitted, the demurrer was properly sustained, since essential elements of the crime of false swearing are that the false oath was made upon a subject about which the party could legally be sworn and before a person legally authorized to administer the oath. Kerfoot v. Commonwealth, 89 Ky. 174, 12 S. W. 189; Stamper v. Commonwealth, 100 S. W. 286; McClanahan v. Commonwealth, 10 Ky. Opns. 72; Commonwealth v. Hinkle, 177 Ky. 22, 197 S. W. 455.

The authority of a party to testify and the county clerk to administer an oath with reference to such a paper as here involved, is found in section 2106 of the statutes, which provides for issuance of marriage licenses by the clerk to persons under 21 years of age only upon personal or written consent of the parents or guardian. The consent in writing must be over the signature of the parent or guardian "attested by two subscribing witnesses, and proved by the oath of one of them, administered by the clerk."

As it affirmatively appears from the indictment that appellee was not an attesting witness, it is clear he was not a competent witness to prove the execution of the paper, and that the clerk had no authority, under this statute, to examine him under oath with reference thereto.

Nor does section 380 of the statute confer such authority, since it merely empowers clerks of courts to administer oaths in or out of court "touching any matter in which an oath may be legally administered."

Judgment affirmed.