## Allison v. Commonwealth.

(Decided January 29, 1929.)

C. F. SEE, JR., and W. J. ROBERTS for appellant.

J. W. CAMMACK, Attorney General, and DOUGLAS C. VEST for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY— Reversing.

The appellant, Richard Allison (a colored man), has been adjudged to serve one year in the penitentiary on a conviction of the crime of false swearing, and he is complaining about it. He was indicted on October 16, 1926, and the case was continued from time to time until the October term, 1927, when an order was entered placing it "on the dead docket to be redocketed without notice." Presumably it was intended to file the indictment away with leave to reinstate. On May 15, 1928, the case was redocketed and set for trial on May 18th, and the defendant summoned on May 16th. Appellant's counsel claim that he could not have been put on trial under three days' notice, as provided by section 187 of the Criminal Code. It is sufficient to say there was no motion for continuance.

The indictment charges that the defendant unlawfully, willfully, feloniously, and knowingly swore and gave in evidence that which was untrue and false before the grand jury of the Lawrence Circuit Court after being duly sworn by the foreman. The matter alleged to have been sworn was properly negatived by special averment. The questions asked and the answers charged to have been false are these:

"Q. Were you and Janie Curnutte together over in Italy near your home some time soon after dark on Monday, October 11, 1926? A. I was not over there with her at all that night.

"Q. Did you take her hat away from her? A. No."

Section 1174 of the Statutes provides that, if any person, in any matter which is being investigated by the grand jury, when sworn by a person authorized by law to administer oath, shall willfully and knowingly swear or give in evidence that which is false, he shall be deemed guilty of false swearing. Under the construction heretofore given this statute, there are three constituent elements of a good indictment omitted from this one: It is not alleged (1) that the grand jury was duly impaneled; (2) that the evidence given related to a matter being investigated by the grand jury; and (3) that it was on any subject in which the defendant might be legally sworn.

In Commonwealth v. Hinkle, 177 Ky. 22, it is said: "In order to bring the alleged offense within the terms of the statute, it must appear that the matter sworn to was (1) either judicially pending; or (2) was being investigated by a grand jury; or (3) was on a subject in which the defendant could have legally been sworn; or (4) on which he was required to be sworn."

Other necessary elements of the indictment are thus given in Roberson's Criminal Law, p. 944: "An indictment for false swearing before a grand jury must allege that the grand jury was duly impaneled, or existed, and that defendant gave evidence before such grand jury. But it is not necessary to aver that the grand jury was sworn. And the matter being investigated by the grand jury, at the time the defendant gave the evidence which is charged to be false, must be set out so definitely as to apprise the defendant of the nature of the charge against him, and to enable the court to determine whether the grand jury had the authority to investigate such matter. The statement in the indictment of the matter judicially pending, or the specific public offense being investigated by the grand jury, in regard to which the accused is alleged to have falsely testified under oath, or the subject-matter on which he was sworn, is, under the statute defining the crime of false swearing, essential to its validity, and the failure to so state is fatal on demurrer."

Paraphrasing the language in Ford v. Commonwealth, 29 S. W. 446, 16 Ky. Law Rep. 528, we may say it was no indictable offense to be with Janie Curnutte in Italy some time after dark on October 11, 1926, or to take her hat away from her, unless such fact was con-

nected with an inquiry of which the grand jury had cognizance. As stated in that opinion: ''While statements are not required to be material to the investigation, they must have some connection with it before a conviction can be had under the statutes.'' To the same effect is Childress v. Commonwealth, 197 Ky. 641, 247 S. W. 705.

Appellant's counsel insists that one may not be indicted for swearing falsely to evidence which might incriminate himself, if true; but that contention has been decided adversely in Commonwealth v. Turner, 98 Ky. 526, 33 S. W. 88, 17 Ky. Law Rep. 925.

The evidence is before us in narrative form, and it appears that the ''Italy'' referred to is a suburb of Louisa, Ky., and is not the domain of Mussolini. The elements missing from the indictment are likewise omitted from the evidence, and consequently the defendant was entitled to a peremptory instruction to be found not guilty, which he asked at the close of the commonwealth's evidence, and also at the conclusion of all the evidence. Moreover, there it not a line of testimony showing that the appellant was in Italy or elsewhere with Janie Curnutte on the night in question. It is in evidence that both parties were there, but all of the witnesses say they did not see them together. Janie Curnutte testifies that she was not with him on the occasion.

When it came to instructing the jury on the law of the case, these elements were likewise omitted. It is now well settled that in a criminal case it is the duty of the court to instruct the jury properly, and it is not necessary for the defendant to save his exception. Buckles v. Commonwealth, 113 Ky. 795; Com. v. L. & N. R. Co., 175 Ky. 250.

There was no demurrer to the indictment, but we need not decide whether it fails to charge a public offense, and therefore that the court on its own motion should have arrested the judgment (Pierce v. Commonwealth, 210 Ky. 465, 276 S. W. 135) or that it charges a public offense in an imperfect manner, for we consider the defendant has been taken care of by his motions for a directed verdict and the exceptions to the instructions which are given him as a matter of law.

The judgment is therefore reversed.