## Commonwealth v. Strunk.
(Decided June 11, 1935.)

BAILEY P. WOOTTON, Attorney General, H. HAMILTON RICE, Assistant Attorney General, and J. A. SMITH, Commonwealth's Attorney, for appellant.

J. H. ASHER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Certifying the law.

The grand jury of Perry county indicted Shelby Strunk for false swearing. From a judgment sustaining a demurrer to the indictment, the commonwealth has appealed for the purpose of having the law certified.

The indictment is as follows:

"The Grand Jury of Perry County, in the name and by the authority of the Commonwealth of Kentucky, accuse Shelby Strunk of the crime of false swearing committed in the manner and form as follows:

"The said Shelby Strunk in the County and State aforesaid did on the 15th day of September, 1933, unlawfully, feloniously, maliciously, wilfully and knowingly swear and depose and gave in evidence that which was untrue and false by making the following affidavit:

"'The affiant, Shelby Strunk, says that he is a resident of Combs, Perry County, Kentucky, and that he resided there at the dates hereinafter shown. He says that sometime in the year 1920 or 1921 and after the miners of Perry County had attempted to organize the coal fields in Perry County by joining the United Mine Workers of America, that he and Clyde Leverage who is now a bookkeeper for Columbus Mining Company at Allais, Kentucky, had in their possession a sum of money between ninety and one hundred dollars, the exact amount being now unknown to him, and that this money had been paid to them by the members of the local at Domino, Kentucky, and it became apparent to them that the efforts of the miners to organize had failed and that they were wanting to know what to do with the money and place it in the Bank and that they then placed the money in a Bank in Hazard and after placing the money in the Bank they met Calloway Napier and Calloway instructed them to give him a check for the money and they gave him a check for the full amount which they had placed in the Bank and the check was paid and that this affiant had not heard tell of the money any more.

"'Shelby Strunk

" 'Subscribed and sworn to before me by Shelby Strunk on this the 21st day of July, 1933.

" 'R. M. Fitzpatrick

" 'My commission expires April 15, 1935.'

"That the said Shelby Strunk did on the 21st day of July, 1933, after having been duly sworn by Robert Fitzpatrick, a Notary Public of Perry County, Kentucky, who had authority to administer an oath, at which time the said Shelby Strunk voluntarily after having been duly sworn by the said Robert Fitzpatrick did falsely, wilfully, knowingly, maliciously and feloniously swear and give in evidence and make the foregoing affidavit; that when the said Shelby Strunk made said statements contained in said affidavit aforesaid he knew that each and all the statements were wilful, corrupt and false when in fact and in truth he knew that he never paid or caused Clyde Leverage to issue or give to Calloway Napier a check for $90.00 or any sum or amount belonging to Local No. 4782, United Mine Workers of America, Domino, Kentucky, contrary to the form and statute made and provided and against the peace and dignity of the Commonwealth of Kentucky."

The indictment was drawn under section 1174, Kentucky Statutes, reading as follows:

"If any person, in any matter which is or may be judicially pending, or which is being investigated by a grand jury, or on any subject in which he can legally be sworn, or on which he is required to be sworn, when sworn by a person authorized by law to administer an oath, shall wilfully and knowingly swear, depose or give in evidence that which is false, he shall be confined in the penitentiary not less than one or more than five years."

To bring the alleged offense within the terms of the statute it must appear that the matter sworn to was (1) either judicially pending; or (2) was being investigated by a grand jury; or (3) was a subject on which the defendant could legally have been sworn; or (4) on which he was required to be sworn. Commonwealth v. Hinkle, 177 Ky. 22, 197 S. W. 455. As the subject-matter of the affidavit was not judicially pending or

being investigated by a grand jury, and was not a matter concerning which the accused was required to be sworn, the only ground on which the indictment can be sustained is that the false statement was on a subject concerning which the accused might have been legally sworn. It does not appear that the alleged false statement was on a subject concerning which an oath was authorized, permitted or required. It was not necessary for the prosecution or defense of a private right. It was not made to promote the ends of public justice. The oath was purely voluntary and gratuitous, and the law gave it no more effect than if the statement had not been sworn to. In the circumstances the accused was no more guilty of false swearing than if without more he had sworn falsely that the sun was shining or the weather was cold. Commonwealth v. Bradshaw, 210 Ky. 405, 276 S. W. 124; Commonwealth v. Hinkle, supra; Kerfoot v. Commonwealth, 89 Ky. 174, 12 S. W. 189, 11 Ky. Law Rep. 391.

Wherefore, this opinion is certified as the law of the case.