Clawson GIBSON, Jr., Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 9, 1959.

S. M. Ward, Hazard, for appellant.

Jo M. Ferguson, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

CULLEN, Commissioner.

Clawson Gibson, Jr., was tried under an indictment the accusatory portion of which charged the offense of "perjury," and the descriptive portion of which set forth the elements of that offense. However, the court in its instructions authorized imposition of a punishment of one to five years' imprisonment in the penitentiary, which is the punishment prescribed by KRS 432.170 for the statutory offense of "false swearing," and the jury returned a verdict imposing a two-year sentence. From the judgment entered upon the verdict Gibson has appealed.

The judgment must be reversed because of error with regard to the punishment.

Prior to 1940, section 1173 of Carroll's Statutes prescribed a punishment of from one to five years' imprisonment for the *common law* offense of perjury, and section 1174 prescribed the same punishment for the statutory offense of false swearing. By Chapter 191 of the Acts of 1940, section 1173 was repealed, so since 1940 there has been no specific punishment prescribed by statute for the common law offense of perjury. However, KRS 431.075 provides a general penalty for any common law offense for which the penalty is not otherwise provided by statute, the limits of the general penalty being a one-year jail sentence and a $5,000 fine.

Since Gibson was charged with common law perjury, he could be punished only in accordance with KRS 431.075. It was prejudicial error for the court to authorize in the instructions, and for the jury to impose, the punishment prescribed for the statutory offense of false swearing.

We will comment upon other claims of error, since they may reoccur upon another trial.

It is our opinion that the indictment was sufficiently definite, and was not demurrable.

The evidence as to the materiality of the false testimony was skimpy, and since materiality to the issue is an element of the offense of perjury, Commonwealth v. Hinkle, 177 Ky. 22, 197 S.W. 455, it will be desirable upon another trial to produce more satisfactory proof on this point.

We think the evidence sufficiently met the requirement that the offense be proved either by two witnesses or by one witness and strongly corroborating circumstances.

It is our opinion that since the instruction submitting the elements of the

offense required the jury, in order to re-·turn a verdict of guilty, to find that the defendant "unlawfully, feloniously and maliciously" gave false testimony, that he "knowingly and falsely" swore, and that the testimony was "known by (the defendant) to be false and untrue when so made," the negative raised by the customary reasonable doubt instruction completely and adequately covered Gibson's defense that he suffered from mental delusions and he in good faith believed the truth of the fact as to which he had testified. Accordingly, it was not required that the court give an affirmative instruction covering Gibson's theory of the case. Reynolds v. Commonwealth, Ky., 257 S. W.2d 514.

The judgment is reversed.