**Glen WHITAKER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 10, 1963.

Edward F. Prichard, Jr., Frankfort, for appellant.

John B. Breckinridge, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

MOREMEN, Judge.

Appellant, Glen Whitaker, was convicted of the offense of false swearing (KRS 432.170) and sentenced to one year's confinement in the penitentiary. He requested immediate judgment following his trial and waived right to file motion and grounds for a new trial. No bill of exceptions is in the record although a transcript of the entire record has been filed. In the absence of a bill of exceptions, the only question before the court is whether

the indictment states a public offense. Duncan v. Commonwealth, Ky., 330 S.W.2d 419. A demurrer had been filed to the indictment and was overruled by the court.

KRS 432.170 reads:

"If any person, in any matter which is or may be judicially pending or which is being investigated by a grand jury, or on any subject in which *he can legally be sworn* or on which he is required to be sworn, when sworn by a person authorized by law to administer an oath, shall willfully and knowingly swear, depose or give in evidence that which is false, he shall be confined in the penitentiary for not less than one nor more than five years."

The indictment reads:

"The Grand Jury of Fleming County, in the name and by the authority of the Commonwealth of Kentucky, accuse Glen Whitaker of the crime of False Swearing committed in manner and form as follows, to-wit:

"The said defendant, Glen Whitaker in the said county of Fleming, on the 23rd day of October A.D. 1961, and before the finding of this indictment, having been duly sworn by a person authorized to administer oaths, to-wit: Anna McRoberts, deputy County Court Clerk, about a subject on which he could legally be sworn and on which he was required to be sworn, to-wit: an application for a marriage license and a marriage bond, did then and there unlawfully, wilfully, and feloniously swear that Betty Ferguson, the person whom he proposed to marry, was 21 years of age, that he was a construction worker, and that he resided in Dayton, Ohio, whereas in fact the said Betty Ferguson was only 14 years of age, the said Glen Whitaker was a school teacher residing in Elon, Ohio, and the falsity of all of which statements the defendant then and there knew. Contrary to the form of the statutes in such

cases made and provided, and against the peace and dignity of the Commonwealth of Kentucky."

We find nothing in Chapter 402 of the Kentucky Revised Statutes—which deals with marriage—that requires an application for a marriage license to be given under oath. One cannot be punished for false swearing under KRS 432.170 unless it is a matter which is judicially pending, under investigation or was given under circumstances where a person can legally be sworn or is required to be sworn. Mitchell v. Commonwealth, 237 Ky. 849, 36 S.W. 2d 649.

The question arises, what is meant by the expression "he can legally be sworn" as used in the statute and in case opinions? The word "can" is most often used to indicate that a person is physically or mentally capable of performing a certain act, but we do not believe it was used in the statute in that sense. Some significance must be attached to the word, "legally," which implies that he has been enabled by law to assume the formal solemnity of an oath. This view was taken in Kerfoot v. Commonwealth, 89 Ky. 174, 12 S.W. 189, where it was said:

"Though there appear to be three distinct conditions upon the existence of either of which a person may be convicted under that section, obviously it is necessary that the false swearing be in a matter on which the law authorizes or requires an oath to be taken, and, moreover, he must be sworn by an officer legally empowered to administer the oath."

We believe the phrase, "law authorizes or requires," as used in the opinion means expressly authorized or required by law. We are not unmindful of the fact that the powers of a notary were originally founded on custom and that the office was ecclesiastic in nature. In England notaries public were appointed by authority of the Pope until the statute of 25 Hen. VIII,

Chapter 21. Since the passage of that statute they have been appointed by the Court of Faculties of the Archbishop of Canterbury. In this country, however, notaries are usually appointed by the Governor, sometimes with the consent or approval of the legislative body of the state. 39 Am. Jur., Sec. 17, et sequitur. Along with the assumption by the state of the powers to administer oaths, the state has also assumed the authority to prescribe matters about which an oath may be administered. Particularly is this so with relation to various public officers who are granted the right to administer oaths. Their duties in this connection are well defined by our statutes. This does not mean that officers and notaries may not administer oaths in cases where they have not been given direct positive expression of the right by a statute, but it seems certain to us that the legislature did not intend to punish for the offense of false swearing in such cases. Otherwise it would have been unnecessary to insert in this statute the qualification concerning "any subject in which he can legally be sworn or on which he is required to be sworn." It would have been sufficient merely to state that anyone who gives an oath which is false is subject to punishment. This seems to have been the view in Commonwealth v. Bradshaw, 210 Ky. 405, 276 S.W. 124, where it was accused that the defendant had falsely made oath before the county clerk of Casey County that he saw one E. L. Carmen sign his name to a written order directing the clerk to issue a marriage license to his infant daughter. The court said:

"The authority of a party to testify and the county clerk to administer an oath with referenece to such a paper as here involved is found in section 2106 of the Statutes, (KRS 402.210), which provides for issuance of marriage licenses by the clerk to persons under 21 years of age only upon personal or written consent of the parents or guardian. The consent in writing must be over the signature of the parent or guardian,

'attested by two subscribing witnesses, and proved by the oath of one of them, administered by the clerk.'

"As it affirmatively appears from the indictment that appellee was not an attesting witness, it is clear he was not a competent witness to prove the execution of the paper, and *that the clerk had no authority, under this statute, to examine him under oath with reference thereto.*"

The court held that a demurrer to the indictment had been properly sustained.

 When we return to a consideration of the facts in the instant case, we are forced to the conclusion that the deputy clerk had no legal right to require submission to an oath and that none was required by the statute.

The judgment is therefore reversed.