Case 22—INDICTMENT—October 8.

# Commonwealth v. Scowden.

### APPEAL FROM JEFFERSON CIRCUIT COURT.

False Swearing—Competency of Grand Juror as Witness.—Upon the trial of one for false swearing alleged to have been committed before a grand jury, a grand juror can not testify to what the accused swore before the grand jury. False swearing and perjury are distinct offenses, and the provisions of section 113 of the Criminal Code which make a grand juror a competent witness in a prosecution for perjury as to the defendant's testimony before the grand jury do not apply to prosecutions for false swearing. In fact, the expression of the one excludes the other.

W. J. HENDRICK, Attorney General, for appellant.

The word "perjury," as used in section 113, Criminal Code, embraces "false swearing," for which the appellee was indicted.

MUIR & GILSON, for appellee.

No brief in record.

CHIEF JUSTICE HOLT delivered the opinion of the court.

The only question presented by this appeal is whether upon the trial of one for false swearing before a grand jury, a grand juror can testify to what the accused swore before the grand jury.

By the earlier common law such testimony, even upon a charge of perjury, was incompetent. The rule was without exception. The statement before the grand jury was absolutely privileged, and no member of it could testify as to it. (1 Chitty, Crim. Law, 316.) Some later decisions so far modified the rule as to admit such evidence upon the trial of one for perjury. The wisdom of the exception was, however, doubted, as it was thought by some courts that public policy required entire secrecy as to the deliberations of a grand jury. Some judges

admitted, while others denied, the exception. Its history is briefly given in section 508 of Wharton's Criminal Law. The courts of some of the States inclined to one, while those of others adopted the other view.

Owing, doubtless, to this conflict statutory provisions were adopted in various States declaratory of the rule.

Our own Code, section 113, by way of removing the doubt, provided: "A member of the grand jury may, however, be required by a court to disclose the testimony of a witness examined before the grand jury for the purpose of ascertaining its consistency with the testimony given by the witness on the trial, or for the purpose of proceeding against the witness for perjury in his testimony, or upon the trial of a prosecution of the witness for perjury; and it shall be the duty of the foreman of the grand jury to communicate to the attorney for the Commonwealth, when requested, the substance of the testimony before them."

It is thus seen that by express statutory provision the testimony of a witness before a grand jury may be disclosed in order to ascertain its consistency with what he may swear upon the final trial, or for the purpose of proceeding against him for perjury, or upon his trial for perjury. When it was adopted his testimony before the grand jury could not be disclosed for any purpose unless it was upon his trial for perjury, and even this was a matter of contention among courts. Its wisdom may well be doubted. The old rule of absolute exclusion was founded upon the idea that it would prevent subornation of the witness, or the escape of the guilty party, and promote freedom of deliberation among the members of the grand jury.

This court must, however, accept the declared legislative will, when within constitutional limit, as we find it.

The provision was adopted to prevent the conviction of innocent persons and the escape of guilty ones, and is not without reason to support it. In view, however, of the existing rule at the time of its adoption it should not, in our opinion, be extended by implication beyond its terms. Indeed, there is no ground for inference that it was intended to extend the rule, save to show the consistency of the testimony of the party upon the final trial with what he may previously have sworn, and to embrace cases of perjury.

The offense of false swearing is a statutory one, and distinct from that of perjury, which existed at common law. The two have no connection. The former is not mentioned by common law writers, and the elements of the two are different. The charge of perjury does not embrace that of false swearing.

The Code has declared that what the accused testified before the grand jury may be proven against him upon a trial for perjury, but it has not said that this may be done upon his trial for false swearing. The latter offense existed under our law when this provision of the Code was adopted, but the Legislature, for some reason, did not see fit to embrace it. *Expressio unius est exclusio alterius.*

A substantially similar provision in the laws of other States has received a like construction. (State v. Gibbs, 39 Iowa, 321; Pinney's Will Case, 27 Minn., 283; Tindle, &c., v. Nichols, 20 Mo., 327.)

In our opinion, if the Legislature had intended to embrace the crime of false swearing with that of perjury

it would have said so, the two being altogether distinct offenses.

Judgment affirmed.