## Atkinson v. Skidmore

(Decided February 21, 1913.)

### Appeal from Powell Circuit Court.

Bills and Notes—Action Against Endorser—Defenses—Negotiable Instruments Act.—In an action against the endorser of a note, having waived protest in the face of the instrument, by subsection 111 of the Negotiable Instruments Act, he is deemed to have also waived notice of presentment and dishonor. The objection that appellee will be estopped because he did not prosecute with diligence a right of action against the maker, did not present a good defense, for as between appellee and the endorser it was not primarily the former's duty to enforce collection against the maker.

JOHN D. ATKINSON and G. A. WEBB, for appellant.

C. F. SPENCER, for appellee.

OPINION OF THE COURT BY JUDGE TURNER—(Affirming.

On the first day of June, 1908, the Stanton Canning Company executed to appellant its negotiable note pay-

able in three months thereafter at the Powell County Deposit Bank of Stanton, Kentucky, for $228.69.

In the face of the note it is provided that endorsers waive demand, protest, notice of protest and all legal diligence to enforce collection.

Thereafter, and on the first day of September, 1908, appellant endorsed same in blank to appellee for a valuable consideration. In October, 1911, appellee instituted this action against appellant seeking to hold him as endorser thereon.

The defendant answered in substance denying that the plaintiff had become the owner of the note before its maturity, but not denying that he had endorsed it to plaintiff on the first of September, 1908, and claiming in substance that by reason of his endorsement after it became due, he had a right to set up all defenses thereto. For defense he set up in substance that plaintiff during all the time he was the holder of the note was a stockholder in the Stanton Canning Company, and that in a suit against the company which was pending in the Powell Circuit Court while he was so the owner thereof, appellee being a party thereto together with other stockholders, had set up what they claimed were all the debts and liabilities of the canning company, and that same did not refer to or include this note. That at the time the note became due the said canning company had personal property and real estate amply sufficient to pay said note, and so had for some time after the same became due; and plead by reason of plaintiff's failure to present the note against the company, or against the receiver in the suit aforesaid to settle the affairs of the company, plaintiff had not used due diligence or efforts to collect the said obligation from the maker thereof, and by reason of all which the plaintiff was estopped from enforcing the same against appellant or holding him liable on his endorsement thereof.

To this answer the lower court sustained a demurrer, and defendant having declined to plead further, judgment was rendered against him and he appeals.

In our view of this case it is unnecessary to determine whether or not the note so endorsed by appellant on the first of September, 1908, was before or after its maturity; of course, if it was before in no event could appellant plead any defenses thereto, but if it was after its maturity he could.

In the answer it is denied that the note was presented for payment when due, and that payment thereof was refused, but appellant having waived protest in the face of the instrument, under the express provisions of subsection 111 of our Negotiable Instruments Act, he is deemed to have also waived notice of presentment and dishonor.

So the only question we have to consider is whether appellant's answer presented a good defense to the note.

Appellant's liability as endorser was fixed on the first of September, 1908; and thereafter, as between him and appellee, he was bound to see to the payment thereof. As between them, appellee could not be estopped by his failure to do something which it was first appellant's duty to do. At all times between the first of September, 1908, and the institution of this action, appellant could have taken up the note and himself enforced the same against the canning company. Appellee had a right to absolutely rely upon and look to the endorser, and as between him and the endorser it was not primarily his duty to enforce the collection as against the canning company. So it is plain that appellee will not be estopped in his suit against the endorser because of his failure to prosecute with diligence a right of action against the maker of the note, when it was the duty of the endorser who stood between the holder and the maker, to do so.

Judgment affirmed.