### Thomas v. Commonwealth.

(Decided April 13, 1917.)

### Appeal from Fayette Circuit Court.

1.  Indictment and Information—False Swearing.—An indictment for false swearing in which the allegation, "after first being sworn," was used, instead of "after first being duly sworn," was not bad, because of the failure to use the word "duly," as the manner of taking an oath is not material in the absence of an express statute, and a witness should be sworn in such form as he considers binding upon his conscience.
2.  Criminal Law—Continuance.—It is not reversible error to refuse a continuance of a case on account of absent witnesses, where it is not the appearance term and where the testimony of the witnesses was not important or material, and where de-

fendant's affidavit was read to the jury as the deposition of the witnesses.

3. Criminal Law—Argument of Counsel.—It is not reversible error for the trial court to limit the argument of counsel to ten minutes where the evidence in the case is short, simple and easily understood.

4. Criminal Law—Argument of Counsel.—Reasonable time should be allowed for the argument of a case, but what constitutes reasonable time depends upon the facts and circumstances in each case.

HOBBS & ALLEN for appellant.

M. M. LOGAN, Attorney General, and O. S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The appellant, Jerome Thomas, was indicted and convicted in the Fayette circuit court of the crime of false swearing, and his punishment fixed by the jury at confinement for one year in the state penitentiary. A new trial being denied and judgment entered upon the verdict, Thomas appeals. He urges eight grounds for reversal which are in substance as follows:

(1) Insufficiency of the indictment; (2) variance between the allegations of the indictment and the proof; (3) error in overruling motion of defendant for continuance; (4) bad feeling between attorneys engaged in the trial to the prejudice of the defendant; (5) insufficiency of the evidence to sustaining the charge; (6) error in overruling motion of defendant for peremptory instruction to the jury to find him not guilty; (7) insufficient time allowed for argument; and, (8) want of corrupt purpose on the part of the defendant.

Upon the calling of the case for trial a demurrer was entered to the indictment which was overruled by the trial court and exceptions saved by appellant. The demurrer is based in part upon the failure of the indictment to allege "that after first being *duly* sworn," but instead thereof, employing the words "that after first being sworn" omitting the word "duly." In the case of Commonwealth v. Lashley, 74 S. W. 658 (not officially reported) a similar allegation was held sufficient.

The indictment in the case at bar, however, does allege that the defendant on a trial of the case in the court of Magistrate J. A. Hand, in which this appellant was defendant, charged with a breach of the peace, "after

first being sworn by Justice of the Peace J. A. Hand, who had authority to swear the said Thomas, swear, depose and give in evidence in said case" certain alleged statements, which it is charged were false.   There is no set form of expression to be used in swearing a witness, but such words and forms should be employed as accord with the views and opinions of the person taking the oath, and which will impress upon his mind and conscience the supreme importance of telling the truth.   In the case of Commonwealth v. Jarboe, 89 Ky. 145, this language is used:

"The manner of taking an oath is not material in the absence of express statute.   All authorities agree that a witness is to be sworn in such form as he considers binding upon his conscience."

The allegations that the witness was sworn before giving the evidence and that he thereafter swore, deposed and gave in evidence certain alleged false statements, are equivalent to an allegation that "after first being duly sworn, he swore, deposed and gave in evidence."   While the usual form is to charge that the defendant "after being first duly sworn" swore, deposed and gave in evidence, we think it sufficient to allege as it was done in this case "after first being sworn" because the two mean the same under our practice.   Moreover, this court has adopted in recent years a more liberal rule with reference to the drafting of indictments and the construction thereof.   When an indictment sets forth the title of the prosecution, specifying the name of the court in which the indictment is pending, name of the parties, together with a statement of the acts constituting the offense in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended; and with such degree of certainty as to enable the court to pronounce judgment on conviction according to the rights of the case, and is direct and certain, with respect to the party charged, the offense charged, the county in which the offense is committed, the circumstances of the offense charged, if they be necessary to constitute a complete offense, the accused cannot be misled or deceived by it or fail to know what offense is charged against him, nor will the court be in doubt when it comes to pronounce judgment, even though the indictment may be phrased in inapt words, or the sentences may be ungrammatical and awkward, or the

spelling be incorrect. It is inconceivable that the defendant, Jerome Thomas or his counsel in this case could have failed to understand the nature of the charge against appellant from the allegations of this indictment.

It is further insisted that the indictment is bad because it fails to allege that J. A. Hand, the magistrate, was *presiding* in the magistrate's court at the time the oath was administered. The indictment alleges that Jerome Thomas "then and there being the defendant in the case of the Commonwealth of Kentucky against Jerome Thomas, then pending in the court of Magistrate J. A. Hand, did wilfully, knowingly, corruptly, falsely and feloniously, after first being sworn by Justice of the Peace J. A. Hand, who had authority to swear the said Thomas, swear, depose and give in evidence in said case," which is sufficient to show, and is equivalent to an allegation, that Magistrate J. A. Hand was presiding at the trial and put the defendant upon notice of the time and place and the nature of the proceeding in which he was accused of giving false evidence. It is unnecessary to allege that an officer was presiding if facts be alleged which show that he was presiding. Measured by the rule announced in cases of Overstreet v. Commonwealth, 147 Ky. 471; Hanson v. Commonwealth, 139 Ky. 173; Middleton v. Commonwealth, 136 Ky. 354; Reed v. Commonwealth, 138 Ky. 568; Gordon v. Commonwealth, 136 Ky. 508; Oldham v. Commonwealth, 136 Ky. 789, we think the indictment not only sufficient to support the judgment but ample for all purposes.

The indictment, while not conforming to the strict rules of criminal pleading, is abundantly sufficient for the purposes for which the law provides an indictment, viz.: That the defendant may know with reasonable certainty the nature and character of the accusation against him, and prepare his defense understandingly.

It is further said that the indictment does not negative the truth of the alleged false statement. The negative is in this form: "Defendant then and there well knew that the said Crawford had not approached the said jurors and had not talked with some of them about the said case." This is sufficient under the authority of the case of the Commonwealth v. Lashley, 74 S. W. 659, and Commonwealth v. Tracenrider, 140 Ky. 663. For these reasons we conclude that the trial court committed

no prejudicial error in overruling the demurrer to the indictment.

The defendant also complains that the trial court overruled his motion for a continuance of the case at the term at which it was tried. The appellant's affidavit was filed in support of the motion, and was based upon the absence of three witnesses, whose testimony was set forth in the affidavit. Upon the trial, one of these witnesses, Mr. Harry Cramer, summoned to prove the character of appellant, appeared and testified. The other two witnesses, Nannie Talbert and Sol Talbert, two colored people, were absent on account of sickness, but the affidavit setting forth their testimony was read to the jury as the deposition of the witnesses. It was not the appearance term for the case, and the trial court gave the defendant the benefit of the affidavit as a deposition. He was entitled to no more under the law. In fact the testimony set forth in the affidavit was not of very great importance in the trial, and the presence of the witnesses would not greatly, if at all, have aided his defense. The weight of the evidence heard upon the trial is overwhelmingly against the accused, and the evidence which it is alleged in the affidavit the two colored witnesses would have given in support of the defense would only have tended in a slight degree, if at all, to sustain the evidence given by defendant and would not measurably have contradicted the positive statements of a number of witnesses for the Commonwealth. The affidavit as to these two witnesses states that they "saw Crawford in the lobby shaking hands with prospective jurors as they came into the courthouse lobby." The issue of fact was: Did Crawford approach and talk to jurors in the case in the magistrate's court, about the said case then on trial? The evidence shows that some fifteen or sixteen persons were summoned as jurors in the magistrate's court, and came into the hall or lobby of the courthouse and then into the magistrate's court-room. From this number six were selected to try the case. The others were excused. All six who sat on the trial of the case were called as witnesses upon the trial of this case and testified positively that Lawyer Crawford did not approach them or speak to them with reference to the case, or in fact, at all. It was not, therefore, important, as to whether Crawford spoke to other persons, and the fact that the two colored witnesses men-

tioned in the affidavit would have testified that Crawford had spoken to prospective jurors who were not accepted and did not try the case would not have been material to the defense in the case at bar. There was no prejudicial error, therefore, committed by the trial court in overruling the motion for a continuance.

The fourth ground urged for reversal is that bad feeling existed between the attorneys in the case to the prejudice of the appellant. To sustain this it is stated in appellant's brief that Lawyer Crawford and Attorney Wallace were at outs on account of some trivial matter connected with the case in the magistrate's court. It is not contended that the attorney for the Commonwealth and counsel for defendant held any ill feeling toward each other. Lawyer Crawford did not appear for the Commonwealth except as a witness. We fail, therefore, to see how the appellant was prejudiced by the fact that there was some slight enmity between his lawyer and a witness for the Commonwealth. Certainly there was no prejudicial error in this.

It is also contended that the Commonwealth failed to make out a case and that the court erred in overruling the appellant's motion for peremptory instructions at the conclusion of the evidence for the prosecution. It is admitted that appellant, Jerome Thomas, made and swore to the affidavit which is the basis of this prosecution, after he had been warned by the officer administering the oath that he had better be careful about swearing to said affidavit; that he did not believe a word in it. The Commonwealth sustained its contention by the evidence of the justice of the peace who administered the oath, and who presided at the trial on the misdemeanor charge out of which this prosecution arose, and twelve other witnesses, including the six jurors who sat in the case in the magistrate's court. These witnesses are positive, and their statements carry conviction. On the other hand, the defendant in addition to his own testimony only introduced six witnesses to sustain his defense, and some of these are not at all certain concerning the material facts, while others only testify concerning character. Be this as it may, the jury heard and saw the witnesses, and under proper instructions from the court and arguments by counsel, on both sides, returned a verdict finding the defendant guilty, and this court has established a rule never to disturb a verdict unless it is flagrantly against

the evidence. This verdict is certainly not flagrantly against the evidence, but appears to be sustained by the great weight thereof.

Perhaps the most potent ground urged for reversal is the failure of the trial court to allow reasonable time for argument of the case. It appears that counsel were allowed only ten minutes on either side for argument. While this is a very brief period for argument of a felony case, it does not necessarily follow that the court committed error in making this limitation. It has often been held by this court that the time allowed for argument is a matter in the sound discretion of the trial judge, and unless it affirmatively appears that this discretion has been abused to the prejudice of the accused, it will not amount to reversible error. Combs v. Commonwealth, 97 Ky. 24; Harris v. Commonwealth, 25 R. 297; Scott v. Commonwealth, 148 Ky. 80; Stout v. Commonwealth, 148 Ky. 199.

Reasonable time should always be allowed for the argument of a case before a jury. What constitutes reasonable time depends upon the facts and circumstances of each case.

"What shall be an unreasonable limitation depends upon the circumstances of the case, including its complexity or simplicity, the amount and character, whether direct or circumstantial, of the testimony taken, the number of witnesses which have been examined, contradictions in the evidence, and the time which has already been consumed in hearing it." 12 Cyc. 569. People v. Keenan, 13 Cal. 581.

By the expression "reasonable time" in which to make an argument of a case is not alone meant that the time shall not be too brief, but it also means it should not be too long.

An argument is often very helpful to a jury in arriving at the proper conclusions. But, long arguments frequently are not only a useless waste of time, but sometimes delay the court and impede the progress of the orderly administration of justice, and serve to create confusion, excite passion and defeat the ends of justice. Perhaps there is no point in the progress of a trial at which more valuable time is wasted than in argument, and very often to no purpose. Trial courts, by reasonable and proper limitation of argument, can greatly facil-

itate their work, and at the same time effect an enormous saving of expense to the Commonwealth.

In a case like this where the evidence is short, simple and easily understood; where there is no serious contradiction or confusion of the facts, we do not think that the court abused its discretion in limiting the argument on the trial to ten minutes.

It is also said that appellant in making the oath did not act corruptly. When he presented the affidavit it was read to him by the magistrate and this conversation ensued:

By the magistrate:

"I said to him, what are you swearing to? Do you know what you are swearing to in that affidavit? You had the jury examined yesterday and talked to them, now be careful about this affidavit, I don't believe a word in it, you are liable to get yourself in trouble by swearing to that affidavit, and I said, are you willing to swear to it, and he said, I am, and I said, do you swear to the facts stated in this affidavit, and he said, I do."

From this it is obvious that appellant fully and fairly understood what he was doing, and wilfully and knowingly made the false oath. Is he to be excused because he is illiterate, when he acts corruptly?

False swearing is perhaps the most common as well as one of the most dangerous crimes in the entire calendar. It renders both life and property insecure. Condemned by the law of God and man, it yet hovers around our court proceedings, setting corruption and demoralization in unexpected places. In the case of Fisher, etc. v. Commonwealth of Kentucky, 152 Ky. 413. The court made use of this language:

"False swearing is one of the most prevalent crimes of the day and along its devious paths breeds countless other crimes—some of them lesser and many of them supposed to be graver than the parent crime. But there is, and can be, no crime more degrading to the man guilty of it, or more demoralizing to the community in which it is tolerated. It leaves in its tortious wake a train of evils which can be accounted for in no other way, and which, but for the parent evil, might be more easily corrected.

"No one thing could redound more to the welfare of Kentucky or the uplift of its citizenship than an awaken-

ing on this subject which would bring about a rigid en-
forcement of our laws against perjury in all its forms.''
Judgment affirmed.