## Weiner v. Commonwealth.

(Decided October 21, 1927.)

### Appeal from Scott Circuit Court.

1. Perjury.—Since the offense of false swearing is a degree of per-jury, as defined by Ky. Stats. section 1174, offense of false swear-ing, named in the accusatory part of indictment, was not fatal variance with offense described in its descriptive part which al-leged the elements of perjury.

2. Perjury.—Where defendant had no proprietary interest in tobacco which belonged jointly to his wife and her tenant, his answer to question at trial of case between tenant and wife with whom de-fendant was jointly sued as to whether he knew part of his tobacco was left in barn, that he did not, was literally true and prosecution for false swearing could not be predicated thereon, where it was not shown that defendant at the time believed that it was false.

3. Perjury.—To constitute "perjury" or "false swearing," the matter sworn to must be either false in fact, or, if true, defendant must believe it to be false.

HARRY B. MILLER and LESLIE W. MORRIS for appellant.

F. E. DAUGHERTY, Attorney General, and JOHN P. CUSICK for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The wife of the appellant, Harry Weiner, owns two farms in Scott county, both of which are in the main man-aged and controlled by the appellant, her husband. A portion of one of them was let for the year 1925 to one Julian Gunnell, to be cultivated by him on the shares. After the expiration of that lease, Gunnell filed an action in the Scott quarterly court against appellant and his wife to recover for certain services claimed to have been rendered by him while he was tenant of the defendants, aggregating $27.50. Appellant answered in writing, and in the first paragraph denied liability for any of the account sued on, and, in a second paragraph filed by Mrs. Weiner alone, a counterclaim was asserted, one item of which was that plaintiff in that action (the tenant) had failed to comply with the terms of his contract to culti-vate in a husbandlike manner a specified acreage in tobacco. Appropriate pleadings made the issues, and at the trial appellant was introduced as a witness in his wife's behalf, and during his examination he was asked this question: ''Did you know that a part of *your* tobacco

was left in the barn when the delivery was made to the warehouse in Georgetown?'' To which he answered: ''No; I did not.'' The indictment in this case charges him with the offense of false swearing in the making of that answer, and upon his trial thereunder he was convicted and sentenced to serve a term of 18 months in the penitentiary, and from that judgment he appeals after his motion for a new trial was overruled.

A number of alleged errors were relied on in the motion for a new trial and argued on this appeal, but we deem it unnecessary to discuss and determine only two of them, which are: (1) Error of the court in overruling the demurrer filed to the indictment; and (2) failure of the court to sustain defendant's motion for a directed verdict of acquittal because of the failure of the proof to support the charge contained in the indictment.

The argument under ground (1) is chiefly based upon the alleged fatal variance between the offense named in the accusatory part of the indictment, which was ''False Swearing,'' and the one described in its descriptive part, which alleged all of the elements of perjury, a common-law offense. In other words, it is insisted that the crime of *false swearing,* as denounced by section 1174 of our present Statutes, is not contained in, nor a degree of the common-law crime of *perjury,* and that the one is as separate and distinct from the other as is forgery and murder, or any other two crimes within the entire catalogue of offenses. To this we cannot agree, although it seems to have been so held in the case of Commonwealth v. Scowden, 92 Ky. 120, 17 S. W. 205, 13 Ky. Law Rep. 404, in which Judge Holt, writing for the court said:

> ''The offense of false swearing is a statutory one, and distinct from that of perjury, which existed at common law. The two have no connection. The former is not mentioned by common-law writers, and the elements of the two are different. The charge of perjury does not embrace that of false swearing.''

No case, nor any authority on the criminal law or criminal procedure, is cited in support of those statements, and they were written by the same member of the court who wrote the opinion in the case of Commonwealth v. Maynard, about nine months prior thereto and reported in 91 Ky. 131, 15 S. W. 52, 12 Ky. Law Rep. 710.

In the latter case the indictment was found under the same section of the Statutes, i. e., for false swearing. The alleged false oath was taken in the trial of a cause judicially pending, and the alleged false testimony was material to the issue. The common-law offense of perjury was accurately described the same as in the instant indictment. The trial court sustained a demurrer to it upon the ground, as stated in the opinion, that:

"Upon the averments of the indictment, the accused should have been charged with perjury instead of giving false evidence."

The opinion then points out that the indictment contains all of the elements of perjury, and, in reversing the judgment and directing the trial court to overrule the demurrer to the indictment, the opinion said:

"It is manifest that the statute was intended to embrace a class of offenses not amounting to perjury at common law; cases of false oaths not made in the administration of or course of justice; but we fail to see why, when the commonwealth has a case which, according to the statements of the indictment, authorized it to proceed either for perjury or for the statutory offense, it may not do so. Clearly it has its election."

That opinion can not be sustained if the statement in the Scowden opinion, that "The charge of perjury does not embrace that of false swearing," is correct. The same situation produced by the employed practice was presented in the later case of Commonwealth v. Davis, 92 Ky. 460, 18 S. W. 10, 13 Ky. Law Rep. 676, the opinion in which was written by the same member of the court only three months after he wrote the opinion in the Scowden case. There, as in the Maynard Case and in this case the defendant was indicted for the crime of *false swearing* under the statute, but in the descriptive part of the indictment common-law perjury was described. The same is true in the later cases of Williams v. Commonwealth, 113 Ky. 652, 68 S. W. 871, 24 Ky. Law Rep. 465; Goslin v. Commonwealth, 121 Ky. 698, 90 S. W. 223, 28 Ky. Law Rep. 683; Thomas v. Commonwealth, 175 Ky. 38, 193 S. W. 653, and numerous other ones of this court.

In the Goslin case one of the questions involved was whether the common-law rule that, on a charge of per-

jury, the falsity of the testimony must be established by two witnesses, or one witness and strong corroborating circumstances, should apply in trials for the statutory offense of false swearing, and in giving an affirmative answer the opinion said:

> "False testimony is the bane of judicial trials. When it is corruptly given, generally it may be shown by more than one witness, or by one witness and strong corroborating circumstances. This wise old rule of the common law is one which this court has always recognized and enforced. It applies alike to prosecutions for false swearing and perjury; *for those offenses are alike,* and the principles and policy of the law applicable to one, save wherein modified by statute, apply to the other." (Our emphasis.)

The same was also held by us to be the correct rule in the Williams case, supra, and in the still later one of Walker v. Commonwealth, 162 Ky. 111, 172 S. W. 109. The applying that common-law rule of evidence applicable to the crime of perjury to a trial of an indictment for the statutory one of false swearing was because "those offenses are alike, and the principles and policy of the law applicable to one, save wherein modified by statute, apply to the other," as was said in the Goslin case.

Moreover the crime of false swearing is universally treated by standard text-writers under the heading and as a form of perjury, and which classification is because both offenses are aimed at the same vicious and corrupting conduct of making false statements under oath. The common-law offense of perjury was so circumscribed that it did not reach false statements willfully made under oath except they were made in a matter judicially pending, *and* upon a question that was material to the issue. The statute broadened such circumscribing limitations and punished the offender if he knowingly made false statements under any of the circumstances enumerated in the statute, even though some of them were not made in proceedings "judicially pending" or material to an issue in such pending proceedings. The manifest purpose was to punish the practice of willfully and knowingly making false statements in any and all matters upon which the witness might be sworn, or on which he was required to be sworn. It will thus be seen that facts neces-

sary to constitute perjury *always* include false swearing, but the converse is not true, since false swearing in many instances does not include perjury. The two crimes therefore belong to the same class, are directed to the same vicious practice, and the statutory extension of the instances in which the offender could be punished was for the accomplishment of the same purpose as was the common-law crime of perjury; i. e., to procure the truth from one under oath, and to punish him if he knowingly and willfully falsifies. We therefore conclude that, since our opinions, supra, treat the two offenses as kindred in their nature and purpose so as to require application of the rules of common-law procedure in trials for perjury to trials for statutory crime of false swearing, and in view of the further universal pronouncement by the courts that perjury includes false swearing, the latter is a degree of the former. That conclusion is fortified by our opinion in the recent case of Runyon v. Commonwealth, 215 Ky. 689, 286 S. W. 1076, wherein the embezzlement denounced by section 1358a of our Statutes was held to be included in the embezzlement denounced by section 1201 of the same statute.

Although some of the elements of the different offenses are entirely distinct, that opinion also points out other instances wherein we have held one offense to be a degree of another, and in none of them were the reasons for so holding as conclusive or convincing as are the reasons for holding false swearing to be a degree of the common-law offense of perjury. We therefore conclude the the above excerpt from the Scowden opinion, and so much of the opinion in the case of Commonwealth v. Hinkle, 177 Ky. 22, 197 S. W. 455, as indorsed that doctrine by an obiter statement, should neither of them be followed, and they are each overruled to that extent. It therefore follows that the court did not err in overruling the demurrer filed to the indictment.

Ground (2), urged for reversal, is bottomed on the fact that the alleged false testimony with which defend ant was charged to have given as a witness in the case of Gunnell v. Weiner, pending in the Scott quarterly court, was literally true, and that he did not believe at the time he gave it that it was false. It will be observed that the question asked defendant while giving his testimony at the trial of the quarterly court case was whether "'a part of your (his) tobacco was left in the barn,'" etc.

The relevancy of that testimony was to show the amount
of tobacco grown by the tenant as bearing on the fact
that he had or had not complied with his tenancy con-
tract. Two large truck loads had been hauled to the
association warehouse at Georgetown, and it was sought
to be proved by the plaintiff in that action that after
those two loads were removed from the barn there was
yet other tobacco left therein, and which was proved to
be 1,990 pounds, and it was afterwards delivered to and
sold in an independent warehouse in Lexington. The
evidence on this trial showed that all of the tobacco
grown by Gunnell, including that left in the barn about
which inquiry was made, belonged jointly to defendant's
wife and the tenant, and that he had no proprietary in-
terest in any of it; his only connection therewith being
as manager, so to speak, of his wife's land upon which
the tobacco was grown. It would therefore appear that,
when he answered, in effect, that no part of *his* tobacco
was left in the barn, he told the literal truth.

We are aware that, to constitute perjury or false
swearing, "the matter sworn to must be either false in
fact, or, if true, defendant must believe it to be false."
30 Cyc. 1402, and Bishop's New Criminal Law, vol. 2,
sec. 1091. We repeat that the answer of defendant in
this case was not false in fact, nor is there any testimony
in the record to show that at the time he made it he be-
lieved his answer was false. For us to hold in this case
that defendant's literally true answer was false, because
he intended to refer to his wife's tobacco as his, could
be sustained on no more substantial ground than surmise
or suspicion, and we know of no rule of the criminal law
that would allow us to adopt such an unwarranted con-
struction of the word "your" as contained in question
propounded to him. Crimes are not created by construc-
tion having no more substantial basis than surmise or
suspicion, and, whatever may be said about defendant's
corrupt purpose in giving the testimony upon which the
prosecution is based, we feel that we are not authorized
to construe the question and the answer so as to make
the latter false and to subject defendant to punishment
under the statute, when in truth and in fact his testimony
was not false but literally true.

In arriving at such conclusion, we are not unmindful
of the fact that one of the chief obstacles to the adminis-
tration of justice through legal procedure is that of false
testimony, which should be vigilantly prosecuted by the

commonwealth through its duly constituted agency to the end that rights may be adjudged upon facts flowing from the fountain of truth instead of falsehood flowing from the cesspool of corruption. Nevertheless, the prosecuting authority, while engaged in such commendable efforts, must proceed according to the forms of law, and we, as a reviewing court, have no authority to sanction a departure therefrom. We therefore conclude that there was a failure of proof in this case, and the court should have sustained defendant's motion for a peremptory instruction.

Wherefore the judgment is reversed, with directions to grant the new trial and for proceedings consistent with this opinion.